IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER SHANE WELLS,<br>ALEXANDER BONILLA-SERVIN, and<br>OMAR BONILLA-SERNA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-14-KAC-JEM |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. Now before the Court are the motions for bills of particulars by Defendant Tyler Wells [Doc. 41], Defendant Alexander Bonilla-Servin [Doc. 44], and Defendant Omar Bonilla-Serna [Doc. 156].

For the reasons discussed herein, the Court **DENIES** the motions for bills of particulars [**Docs 41, 44 & 156**]. While a bill of particulars is not required, the Government has agreed to stipulate to the names of the six individuals referenced as Individuals 1 through 6 in Count One and Counts Four through Nine and the Government provided this information at the September 9, 2026 motion hearing. In accordance with that agreement, the Court **ORDERS** the Government to memorialize its identification of Individuals 1–6 in Counts One and Four through Nine in a written, signed stipulation on or before the plea deadline.

## I. BACKGROUND

The Superseding Indictment charges Defendants Wells, Bonilla-Servin, and Bonilla-Serna with conspiring with Defendant Nicholas Foy Pastor and others known and unknown to harbor six illegal aliens in buildings and other places for commercial advantage and private financial gain from August 15, 2025, through January 22, 2026, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (a)(1)(A)(v)(I), and (a)(1)(B)(i) (Count One) [Doc. 73 p. 1]. The Superseding Indictment also alleges that Defendants Wells, Bonilla-Servin, and Bonilla-Serna, along with Defendant Pastore, aided and abetted each other in six counts of concealing, harboring, and shielding from detection six illegal aliens, designated as Individuals 1 through 6, "in buildings and other places for the purpose of commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)[ and] (a)(1)(B)(i)," all occurring on January 13, 2026 (Counts Four–Nine) [*Id*. at 4–7].[1]

Defendants Wells, Bonilla-Servin, and Bonilla-Serna are further charged with conspiring with each other and others known and unknown "to prevent, by force, intimidation, and threat, officers of the United States from discharging their official duties, and to injure officers of the United States in their persons and property on account of, and while such officers were engaged in, the lawful discharge of the duties of their offices, and to injure the property of such officers so as to molest, interrupt, hinder, and impede them in the discharge of their official duties" between January 5 and 13, 2026, in violation of 18 U.S.C. § 372 (Count Three) [*Id*. at 2–4].

---

[1] The Superseding Indictment omitted former Count Two causing each of the counts thereafter to be renumbered [*See* Docs. 16 & 73]. At the motion hearing on September 9, 2026, the Court granted the parties' written [Doc. 176] and oral motions to consider their motions filed under the first Indictment in light of the renumbered counts in the Superseding Indictment [Doc. 181].

Finally, Defendant Bonilla-Servin is charged with "forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing], and interfere[ing]" with Homeland Security Investigations ("HSI") Special Agent G.V. and Enforcement and Removal Operations ("ERO") Deportation Officer A.P. in the performance of their official duties on January 13, 2026, by using his vehicle to strike the agents' vehicle in violation of 18 U.S.C. § 111(b) (Count Two) [*Id*. at 2].

Defendants Wells and Bonilla-Servin both seek particularization of the following: (1) the identities of Individuals 1–6 in Counts One and Four through Nine; (2) how they allegedly concealed, harbored, and shielded the individuals from detection in Counts One and Four through Nine; (3) the amount, source, and how they allegedly obtained the "private financial gain" in Count One; (4) the identities of the known but unnamed coconspirators in Count Three; (5) the "force" they allegedly used in Count Three; and (6) the specific official duties in which the HSI officers were engaged in Counts Two and Three [Doc. 41 pp. 1–2; Doc. 44 pp. 2–4]. Additionally, Defendant Bonilla-Servin seeks particularization of how he positioned his truck in an "offensive posture" and "a display of physical aggression" as alleged in Count Three [Doc. 44 p. 3].

Defendant Bonilla-Serna argues that Count Three charges Defendants with violating three of the five clauses in 18 U.S.C. § 372, each of which he contends "defines a discrete crime" [Doc. 156 p. 3 (quoting *United States v. Gerhard*, 615 F.3d 7, 20 (1st Circ. 2010))]. He maintains that without the Government specifying which clause of § 372 applies, Defendants will have to defend against multiple conspiracies, and the jury may not reach a unanimous verdict on a single clause [*Id*. at 4].

The Government responded in opposition to Defendants' motions arguing that the indictment adequately specifies the charges by providing the date, the location, the participants, the means, and the conduct [Doc. 56 p. 4; Doc. 163 p. 1]. It asserts that instead of seeking notice,

Defendants seek to pin down the Government's legal theories and how it intends to prove its case [Doc. 56 pp. 5, 9; Doc. 163 p. 1]. The Government maintains that naming a particular clause of § 372 on which it will focus is the same as identifying its legal theories [Doc. 163 pp. 2, 11]. The Government avers that, instead, it may allege the violations of Count Three in the conjunctive and prove them in the disjunctive at trial [Doc. 163 pp. 5–7]. It also argues that requiring a bill of particulars would unfairly restrict its proof at trial [Doc. 56 pp. 2, 7, 9–10; Doc. 163 p. 3].

The undersigned heard oral argument on the motions on September 9, 2026, and the matter is now ripe for adjudication.

## II. ANALYSIS

Defendants Wells, Bonilla-Servin, and Bonilla-Serna ask the Court to order the Government to provide a bill of particulars on three primary categories of information: (1) the identities of Individuals 1 through 6 in Counts One and Four through Nine and the known but unnamed coconspirators in Count Three; (2) the facts underlying the allegations of harboring in Counts One and Four through Nine, "private financial gain" in Count One, "force" in Count Three, the officers' "official duties" in Counts Two and Three, and the "a display of physical aggression" in Count Three; and (3) the specific manner in which the Government intends to show they violated 18 U.S.C. § 372 in Count Three. They argue these particulars are necessary for them to prepare the case for trial, to avoid prejudicial surprise, and to preserve jury unanimity on Count Three. The Government counters that the Superseding Indictment gives Defendants sufficient notice of the charges, the requested factual particulars are available from other sources, and it need not lock in its legal theories before trial. Moreover, it contends that tailored jury instructions can assure juror unanimity.

After reviewing the parties' arguments and the relevant law, the Court finds that the Superseding Indictment adequately notifies Defendants of the charges and the details alleged in the indictment and provided in discovery along with the Government's stipulation to the identities of Individuals 1–6 avoids prejudicial surprise.

**A. Notice of the Charges**

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (discussing the *Hamling* standard). An indictment may allege the charges using the words of the statute itself if it gives all the elements of the offense "fully, directly, and expressly." *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). The statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "The function of a bill of particulars is to 'to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.'" *United States v. Crayton*,

357 F.3d 560, 568 (6th Cir. 2004) (quoting *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)). It is not intended to be "a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id*. (quoting *Salisbury*, 983 F.2d at 1375); *see also United States v. Harvel*, 115 F.4th 714, 731 (6th Cir. 2024) (observing that a bill of particulars is not a means to discover "evidence outside the normal channels" (citations omitted)). Nor is it intended as a tool to discover the Government's theories of the case. *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) ("The bill of particulars is not intended as 'a means of learning the government's evidence and theories.'" (citation omitted)).

The granting of a bill of particulars is within the Court's discretion. *Salisbury*, 983 F.2d at 1375 (citation omitted). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. *Id*. (citation omitted). In addition, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014) (quoting *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other gnds by stat*., *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000)).

The Superseding Indictment here is sufficiently specific to inform Defendants of the nature of the charges and to permit them to prepare for trial. The seven-page indictment provides the dates of the alleged offenses, the elements, and sufficient facts to identify the conduct for which Defendants are charged [*See* Doc. 73]. The two conspiracy charges state the objects of the conspiracies: obtaining "commercial advantage and private financial gain" for Count One [*id*. at 1] and preventing or impeding the officers' discharge of their official duties in Count Three [*id*. at 3]. Both also allege how Defendants participated in the conspiracies [*Id*. at 1 ("conceal[ing], harbor[ing], and shield[ing] from detection such aliens in buildings and other places")

& 3–4 (listing the "Manner and Means" and the overt acts)]. Similarly, the indictment states Defendant Bonilla-Servin committed the substantive count of forcible interference with official duties by striking the agents' vehicle with his truck [*id*. at 2 (Count Two)] and all three Defendants harbored six unique illegal aliens by "conceal[ing], harbor[ing], and shield[ing] from detection such alien in buildings and other places" [*id*. at 4–6 (Counts Four–Nine)].

**B. Defendants' Arguments**

Defendants argue that additional information is needed for them to prepare for trial, to avoid prejudicial surprise, and to prevent a less than unanimous verdict. More specifically, they argue that they need the identities of Individuals 1–6 in Counts One and Four through Nine and the unidentified coconspirators in Count 3, additional facts underlying certain terms and phrases in the Superseding Indictment, and the means of violating 18 U.S.C. § 372. The Court examines these arguments below and finds them all without merit.

**1. Identities of Six Individuals and Unidentified Coconspirators**

Defendants Wells and Bonilla-Servin argue that they cannot adequately prepare their defense without knowing the identities of Individuals 1–6 in Counts One and Four through Nine and the unidentified coconspirators in Count 3 [Doc. 41 p. 3; Doc. 45 p. 3]. They contend that the identities of these persons referenced in the Superseding Indictment are necessary for them "to conduct witness interviews, investigate the circumstances of the alleged offenses, and prepare an effective defense" [Doc. 45 p. 3]. At the September 9 hearing, counsel for Defendant Wells argued that knowing which person arrested on January 13, 2026, goes with which substantive harboring count is critical to Defendants' preparation of a defense to Counts Four through Nine and ensures that the Government cannot substitute another person for that unique individual. Counsel for

Defendant Bonilla-Servin maintained that the identities of Individuals 1–6 cannot be obtained from body camera videos or the 911 calls provided in discovery.

Defendants' request for the names of unindicted coconspirators is not well taken. "[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars." *Crayton*, 357 F.3d at 568 (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)); *see also Musick*, 291 F. App'x at 724 ("Nor is the Government required to furnish the names of all other co-conspirators." (citation omitted)). "A defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." *Rey*, 923 F.2d at 1222 (citations omitted).

Defendants argue that Individuals 1–6 are not coconspirators, particularly in Counts Four through Nine, and their identities are necessary to prepare for the substantive harboring counts [Doc. 76 p. 1; *see also* Doc. 45 p. 3]. They rely on *United States v. Magalnik*, 160 F. Supp. 3d 909, 918 (W.D. Va. 2015), to argue that the Court may appropriately require the Government to specify the identities of the six alleged illegal aliens [Doc. 45 p. 3]. In *Magalnik*, the court required the government to provide a bill of particulars with the names of the specific aliens whom defendants allegedly illegally harbored because "the defendants employed hundreds of workers at facilities across the country over a substantial period of time" and, thus, listing the specific workers' initials in the indictment was not sufficient for defendants to identify them. 160 F. Supp. 3d at 918.

At the September 9 hearing, the Government agreed to stipulate to the names of Individuals 1–6 and identified them by count in relation to Defendants' Exhibit 1. While acknowledging that a stipulation provides the information requested, defense counsel argued that a bill of particulars

is still appropriate. But a bill of particulars is not necessary for information available from another source. *Higdon*, 68 F. Supp. 3d at 811 (citation omitted).

### B. Factual Particulars of Terms and Phrases in the Superseding Indictment

Defendants Wells and Bonilla-Servin seek particularization of the facts underlying several terms or phrases in the Superseding Indictment [Doc. 41 pp. 1–3; Doc. 44 pp. 2–4; Doc. 45 pp. 4–5]. As a general matter, the Government answers that the degree of specificity in the Superseding Indictment and the information provided in discovery belie the need for a bill of particulars [Doc. 56 pp. 4–9]. It maintains that "discovery includes . . . body-worn camera footage of the events at the construction site, cellular telephone records, witness statements, 911 calls, homeowner surveillance video and a local business's surveillance video, the affidavit for the criminal complaint, and cell phone search warrant affidavit" [Doc. 56 p. 8]. With regard to Count Three, the Government contends it "has produced the agents' reports of investigation and written statements, the affidavit supporting the criminal complaint against Bonilla-Servin, body-worn camera footage, Tennessee Highway Patrol in-car and body camera video, bystander cell phone video and photographs of the blockade and its aftermath, aerial and scene photography, geolocation data, and Bonilla Serna's own recorded interview" [Doc. 163 p. 11]. The Court finds no further particularization is warranted for the terms and phrases that Defendants seek to particularize.

First, Defendants ask the Court to identify how they allegedly harbored Individuals 1–6 in Counts One and Four through Nine [Doc. 41 p. 3; Doc. 44 p. 4]. They assert that harboring can encompass a wide range of activities [Doc. 44 p. 4], yet Defendant Wells "believes from the detention proceedings that the Government alleges harboring, etc., by warning and/or hiding aliens, but this is not clear from the indictment" [Doc. 41 p. 3]. But the Government avers that the

charges themselves "describe the means and methods of the conspiracy in detail" and "allege[] that Wells alerted workers to warn them of ICE officers presence, that both defendants acted to prevent officers from surveilling, locating, and apprehending individuals unlawfully present in the United States, and that Bonilla-Servin used his vehicle to forcibly impede officers" [Doc. 56 p. 6]. The Government also argued at the September 9 hearing that Defendant Wells's text messages and other evidence provided in discovery allow Defendants to know the specific facts surrounding their harboring of aliens. The undersigned agrees that the evidence in discovery, at least some of which has been presented in the detention proceedings, informs Defendants of the facts underlying the harboring charges.

Defendants also ask the Court to require the Government to particularize their alleged "private financial gain . . . including the amount and manner of such gain" [Doc. 44 p. 4]. The Government responds that "the nature of that gain—employing workers on a construction site—is self-evident from the face of the Indictment and the discovery already provided" [Doc. 56 pp. 6–7]. The Government asserts that Defendant Wells's job was to manage the workers on the construction site and, thus, "[t]he financial motive speaks for itself" [*Id*. at 7]. The undersigned agrees that that the nature of Defendants' alleged financial gain is available from the discovery and, thus, is not a matter for a bill of particulars.

Defendant Wells seeks particularization of the "force" alleged in Count Three [Doc. 41 p. 1]. Defendant Bonilla Servin requests specification of the allegations of "offensive posture" and "a display of physical aggression" in Count Three, arguing that these phrases are "vague and subjective" [Doc. 44 p. 4]. He contends that he "is entitled to know the specific actions, movements, positioning, and circumstances that the Government contends constitute such conduct" [*Id*.]. Regarding these requests, the Court finds the indictment is sufficiently specific. It

explains that Defendants planned for Defendant Bonilla-Servin to create a "blockade" at the gate to the construction site with his truck and "agreed . . . that federal agents would be physically and forcibly impeded and their vehicle endangered by the truck" [Doc. 73 pp. 3–4]. It also states that Defendant Bonilla-Servin positioned his "truck at an angle and in an offensive posture, ready to forcibly impede the federal agents and their vehicles" [*Id*. at 3]. And it further alleges that Defendant Bonilla-Servin "positioned [his] truck, with the engine running, at the entrance to maintain an active blockade and a display of physical aggression, and thereby preventing, and attempting to prevent by force, intimidation and threat" the officers from discharging their official duties [*Id*. at 4]. The indictment alleges that Defendant Bonilla-Servin used his truck as a deadly weapon to strike the officers' vehicle [*Id*.]. Thus, the Superseding Indictment specifically describes both the nature and the means of the force alleged in Count Three.

Finally, Defendants Wells and Bonilla-Servin ask the Court to require the Government to particularize the "official duties" in which the officers were allegedly engaged in Counts Two and Three [Doc. 41 p. 1; Doc. 44 p. 4]. They assert that identification of these duties "is necessary to understand the nature of the alleged obstruction and interference [because d]ifferent official duties may implicate different offenses and require different preparation" [Doc. 44 p. 4]. The Government asserts that "[t]he Indictment identifies the officers as ICE and ERO officers and states that they were engaged in illegal immigration enforcement, namely, the surveilling of the construction site" [Doc. 56 p. 8]. The Government maintains that additional evidentiary detail is unnecessary to Defendants' defense and merely an attempt to gain more discovery [*Id*.]. The Court finds that information about law enforcement's duties on and around January 13, 2026, are available from the record, including the Criminal Complaint [Doc. 1], information provided in the detention proceedings, and discovery discussed above [*See* Doc. 163 p. 11].

In sum, the particulars sought by Defendants are not properly the subject of a bill of particulars because they are either adequately described in the Superseding Indictment or available from other sources. *See Salisbury*, 983 F.2d at 1375 ("A court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment."); *Higdon*, 68 F. Supp. 3d at 811 (explaining that "[t]he level of detail in the indictment can be a basis for denying the motion for a bill of particulars" and that "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources" (citations omitted)).

**C. Means of Interference with Officers Under § 372**

Defendant Bonilla-Serna states that Count Three charges three clauses or means of violating § 372 and each clause is a discrete crime [Doc. 156 p. 3 (citing *United States v. Gerhard*, 615 F.3d 7, 18 (1st Cir. 2010))]. He asks the Court to order the Government to elect which clause it intends to show each Defendant violated [*Id*. at 4]. At the September 9 hearing, counsel for Defendant Bonilla-Serna argued that without this particularization, the defense will be "blindsided" at trial when the Government presses one or the other clauses and will have to prepare to meet all three. He also asserted that without specification, the jury may deliver a "nonunanimous verdict" with some jurors deciding a Defendant has a role in some of the clauses but not all [*See also id*.].

The Government counters that Count Three charges a single criminal agreement, and it will prove one criminal agreement at trial [Doc. 163 p. 7]. It maintains that it may charge a defendant with committing an offense by multiple means and that "a single agreement does not become several conspiracies because it has several objects" [*Id*. at 1 (citing *Braverman v. United States*, 317 U.S. 49, 53–54 (1942))]. The Government maintains that "Count Three alleges that Bonilla-Serna agreed with Wells and Bonilla-Servin to keep the two identified federal officers

from performing their duties, and it alleges the overt acts committed by at least one conspirator in furtherance of that agreement" [*Id*. at 4]. It contends that a defendant is not entitled to know all the overt acts that may be proven at trial, much less to have the overt acts assigned to a specific conspirator in advance of trial [*Id*. at 4–5]. The Government maintains that Count Three is not duplicitous because it charges a single conspiracy and that any potential for lack of jury unanimity can be mitigated by a jury instruction [*Id*. at 8–9].

Defendants are charged in Count Three with conspiring to forcibly impede or injure two federal officers in the discharge of their official duties in violation of 18 U.S.C. § 372. The statute makes it a crime for "two or more persons . . . [to] conspire to prevent, by force, intimidation, or threat, . . . or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties[.]" *Id*. § 372. Count Three tracks the language of the statute, alleging that Defendants conspired

> to prevent, by force, intimidation, and threat, officers of the United States from discharging their official duties, and to injure officers of the United States in their persons and property on account of, and while such officers were engaged in, the lawful discharge of the duties of their offices, and to injure the property of such officers so as to molest, interrupt, hinder, and impede them in the discharge of their official duties.

[Doc. 73 p. 2]. Count Three then focuses on the facts of this case, charging

> [s]pecifically, the defendants conspired to prevent, by force, intimidation, and threat [the two federal officers] from discharging their official duties, and conspired to injure [the officers] in their persons and property on account of and while engaged in the lawful discharge of the duties of their offices, and to injure the property of

> said officers so as to molest, interrupt, hinder and impede them in the discharge of their official duties.

[*Id*. at 2–3]. The indictment states the object of the conspiracy, the manner and means by which Defendants sought to accomplish the object, and three overt acts allegedly undertaken by Defendant Bonilla-Servin in furtherance of the conspiracy [*Id*. at 3–4].

As the Government alleges, Count Three charges a single crime of conspiracy with several listed means of commission. "A conspiracy that alleges 'one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy' is not duplicitous as 'the agreement among all the parties constitutes a single conspiracy.'" *United States v. Xu*, 114 F.4th 829, 839 (6th Cir. 2024) (quoting *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006)). "Whether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes." *Braverman v. United States*, 317 U.S. 49, 53 (1942).

And, as the Government argues, it may allege Defendants engaged in multiple means of committing the conspiracy yet prove only one or certain ones at trial. *See United States v. Nicolescu*, 17 F.4th 706, 715 (6th Cir. 2021); *see also Turner v. United States*, 396 U.S. 398, 420 (1970) ("The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." (footnote omitted)). "Indictments must be phrased in the conjunctive so that society can be confident that the grand jury has found probable cause for all of the alternative theories that go forward. Juries, on the other hand, may convict a defendant on any theory contained in the indictment." *United States v. LaPointe*, 690 F.3d 434, 440 (6th Cir. 2012). Thus, the Sixth Circuit "has repeatedly affirmed '[t]he government's right to charge in the conjunctive and prove in the disjunctive.'" *United States v. Kettles*, 970 F.3d 637, 649

(6th Cir. 2020) (quoting *LaPointe*, 790 F.3d at 440). Even if the Government proves only one of the means alleged at trial, Defendants will not be surprised because the indictment informs them of the three potential avenues of proof for which they must prepare. *See United States v. Snell*, No. 3:24-cr-103, 2025 WL 976623, at *2 (S.D. Ohio Apr. 1, 2025) (denying a bill of particulars to require the government to elect "which disjunctive elements to prosecute the charges against [the defendant] under" because such is essentially a request for the facts and theories the government will use at trial).

Moreover, concerns about jury unanimity can be resolved with targeted instructions for the jury. "[P]roper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." *United States v. Kakos*, 483 F.3d 441, 444 (6th Cir. 2007) (alteration in original) (citing *United States v. Lloyd*, 462 F.3d 510, 514 (6th Cir. 2006)). Defendants will have an opportunity to suggest proper jury instructions before trial.

## III. CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

1. the motions for bills of particulars by Defendants Wells [**Doc. 41**], Bonilla-Servin [**Doc. 45**], and Bonilla-Serna [**Doc. 156**] are **DENIED**; and

2. the Government is **ORDERED** to memorialize its identification of Individuals 1–6 in Counts One and Four through Nine in a written, signed stipulation on or before the plea deadline.

**IT IS SO ORDERED**.

ENTER:

Jill E. McCook
United States Magistrate Judge